**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUDITH A. INMAN,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-35241

D.C. No. 3:18-cv-05252-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted May 8, 2020[**]
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Plaintiff-Appellant Judith Inman applied for and was denied Social Security

disability benefits. The Appeals Council denied her request for review. The

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court affirmed the denial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The government concedes that the administrative law judge ("ALJ") who presided over Inman's case erred in initially concluding that Inman had no medically determinable impairment. However, the ALJ made alternative findings assuming that Inman had the medically determinable impairment of "Chronic Pain Syndrome, Headaches, Optic Nerve Disorder, and Photophobia." Accordingly, the ALJ's error was harmless. *See Ford v. Saul*, 950 F.3d 1141*, 1154 (9th Cir. 2020) ("We may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was inconsequential to the ultimate nondisability determination.") (internal quotation marks omitted).

2. Inman argues that the ALJ improperly weighed medical evidence from certain of her treating physicians, whose opinions are generally "afforded more weight than those of non-examining physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). However, deference to their opinions depends in part on whether they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Inman's examining physicians based their opinions about her disability on her reported symptoms, but did not confirm

2

them with objective testing. We therefore will not disturb the ALJ's weighting of their opinions, or that of Dr. Boone, which Inman also challenges.

Inman also lists "other medical evidence" and opinions that she argues that the ALJ should have considered. Some of this information, such as Dr. Kooiker's report, was considered. Inman does not explain how the other reports undermine the ALJ's decision, as they say nothing about the limitations she might face in working and do not controvert the diagnoses of migraines and light sensitivity.

3. Inman argues that the ALJ erroneously found her testimony and allegations not credible. However, the ALJ provided specific, clear, and convincing reasons for not fully crediting her testimony. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). For example, the ALJ noted that Inman's claimed light sensitivity and eye pain was more extreme than that which she had previously described to her doctors and in her state workers' compensation claim. She told Dr. Nguyen that sunglasses helped her symptoms, but testified before the ALJ that she cannot keep her eyes open at all. Further, the ALJ wrote that Inman's activity level casts doubt on her allegations, as she is still able to exercise daily and visits with a friend at Starbucks weekly.

4. The ALJ did not err in discounting testimony from Inman's husband. In order to "discount competent lay witness testimony, the ALJ must give reasons that

are germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks omitted). The ALJ found that Inman's husband's testimony was more extreme than Inman's. Substantial evidence supported this finding. For example, Inman's husband testified that he lives in the garage "[b]ecause there's no lights allowed in the house." Inman herself clarified that this was an exaggeration, and that "no light" was actually "low light."

5. Inman argues that the ALJ erred in failing to account for her functional limitations in the assessment of her residual functional capacity. The ALJ found that her disability would not prevent her from performing a full range of work, including her most recent job as a claims clerk, as long as the work would not require exposure to hazards; will allow wearing dark sunglasses; and does not require exposure to bright light. Given our conclusions that the ALJ did not err in weighing the medical evidence, or in discounting Inman's and her husband's descriptions of her limitations, this determination is also supported by substantial evidence.

**AFFIRMED.**